UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE TWITCH GENERATIVE AI LITIGATION

Case No. 26-cv-08721-WHO

**ORDER ON MOTION TO APPOINT AND MOTION TO INTERVENE AND TRANSFER**

Re: Dkt. Nos. 14, 31, 35, 48, 56

Currently pending before me is a motion to intervene filed by a proposed pro se intervenor, Oscar Ernesto Romero. Mr. Romero seeks to intervene in this action to protect the interests of his first filed action, *Romero v. Amazon.com, Twitch Interactive, Inc.*, et. al, Case No. 3:26-cv-2324 (S.D. Cal., filed April 2026).[1] Also pending is a motion to appoint Girard Sharp LLP as Interim Class Counsel on behalf of the putative class. Dkt. No. 56. I find the pending motions appropriate for resolution without oral argument and, therefore, VACATE the November 4, 2026 hearing. *See* Civ. L.R. 7-1(b).

## I. INTERVENTION

Federal Rule of Civil Procedure 24 includes provisions for both intervention of right and permissive intervention. Under Rule 24(a), on timely motion, the court "must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P.

[1] Mr. Romero initially moved to transfer these actions to the Southern District of California. Dkt. No. 14. He now asks to "hold in abeyance" the motion to transfer, pointing out that while discovery in this case and his case may overlap, the legal claims asserted and remedies sought differ. Dkt. No. 31. The motion to transfer is DENIED without prejudice. Dkt. No. 14.

United States District Court
Northern District of California

24(a). The court may also allow intervention, on timely motion, to anyone who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1).

Romero argues that he is entitled to intervene under both prongs, as his "property rights" in the claims asserted in his case are at stake and as a settlement in this case could extinguish the claims in his case. For relief, Romero asks "to be heard" before I certify a class, approve any settlement, or enter any release in this action that could impact his case. He also asks to be allowed to "coordinate" this action and his action, to order counsel in this case to serve all papers filed in this action on him by email,[2] and order that he be allowed to be involved in any settlement negotiations, including any ADR efforts approved through this Court's ADR unit. *See* Dkt. No. 31. In his second reply in support of intervention, he clarifies his main concern--that any settlement in this case will extinguish some or all of the claims in his suit. Dkt. No. 68. Plaintiffs in this action, joined by defendants, oppose intervention, pointing out that this action "and *Romero* concern different facts, bring non-overlapping claims, and seek separate relief," making intervention inappropriate and unnecessary. Dkt. No. 53 at 1; *see also* Dkt. No. 48.

The motion to intervene is DENIED. If there is a settlement in this case that might impact Romero's case, counsel in this action will have to notify me and the public of that fact under the Northern District's Procedural Guidance for Class Action Settlements. *See* "Judge Orrick's Standing Order for Civil Cases" ¶ 8 (requiring compliance with the Northern District's Guidance). If Romero is a class member covered by any settlement in this action, he may opt-out (and thereby preserve his separate claims) or he may remain in the class and object to any proposed settlement at the appropriate time. As I have explained, intervention is not an appropriate mechanism to

---

[2] Romero asserts that while some of the filings in this action have been served on him, the most recent filings were not, forcing him to turn to the electronic docket to determine what had been filed. Dkt. No. 68 at 1-3. However, Romero is not a party to or counsel in these proceedings. Therefore, service on him was not required, although counsel in this action have provided courtesy copies to him by email. That current counsel in this case did not immediately provide Romero with courtesy copies by email does not implicate their duties as prospective class counsel. It is not clear that Romero is within the scope of the putative class claims in this action, as he argues his case in the Southern District is distinct from this action and in "its own lane." Dkt. No. 31 at 8-9.

United States District Court
Northern District of California

protect Romero's interests in his separate case; if there is a settlement in this action Romero can adequately protect his interest by opting out or objecting. *See, e.g., Perkins v. Ryder Integrated Logistics, Inc.*, No. 23-CV-00502-WHO, 2023 WL 8481817, at *1 (N.D. Cal. Dec. 7, 2023 (denying intervention of a party litigating a parallel case and identifying the many "cases from this District that have denied intervention, as a right or permissive, in similar circumstances" because objecting or opting out provide sufficient mechanisms to protect absent class members' rights).

Romero argues that if there is a Rule 23(b)(2) settlement, he would not have the opportunity to opt out. Dkt. No. 68 at 9. If that occurs in this case, Romero would still have the opportunity to object to any proposed settlement and I could consider a renewed motion to intervene by Romero as a method of protecting his interests.

The other interest that Romero argues entitles him to intervention here is the presence of an arbitration agreement imposed by Amazon.com that may implicate the plaintiffs in this action but would not implicate the claims in his action. Dkt. No. 68 at 10-11. Whether or not the claims in this action are compelled to arbitration is wholly separate from whether his claims proceeding in the Southern District are subject to arbitration. That does not provide a justification for mandatory or permissive intervention.

Romero does not have a right to intervene and permissive intervention is not appropriate. Romero's motion to intervene is DENIED.

## II. APPOINTMENT OF INTERIM CLASS COUNSEL

Girard Sharp LLP moves for appointment as Interim Class Counsel, with an application supported by plaintiffs' counsel in each of the consolidated cases. Dkt. Nos. 56, 67. I have reviewed the motion for appointment and find appointment appropriate under Rule 23(g)(1) and (4). Girard Sharp LLP has shown that it is more than adequate for this appointment, considering its work in this case, its experience in handling complex class and multi-district litigations, its knowledge of the law, the resources it will commit to expeditiously and efficiently litigate this action, and its demonstrated commitment to fairly and adequately representing the interests of classes in prior actions.

While Romero objects to appointment of Interim Class Counsel based on the failure to

United States District Court
Northern District of California

timely provide courtesy copies of filings in this action to him and his inability to timely respond in light of the quick timeframe our Civil Local Rules provide for administrative motions, those objections are not well-taken. Dkt. No. 68. First, while Romero asserts he is not a "registered ECF user," he has shown that he knows how to access the public docket in this case,[3] and he could also register for a PACER account to monitor and access case filings.[4] *Id.* Second, it appears that Romero has secured copies of the relevant pleadings and has replied to the oppositions to his motion to intervene (Dkt. No. 68 at ECF pgs. 16-34) and responded to the motion to appoint Girard Sharp LLP as Interim Lead Counsel. Dkt. No. 68 at ECF pgs. 84-93.

I have fully considered all of Romero's arguments on the pending motions. Romero's argument that he has been "excluded" from the Rule 23(g) appointment process ignores that he is not a party to this action. His request that I appoint a structure of different firms, similar to the structure I adopted in *In re Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-03580-WHO (Dkt. No. 158), is DENIED. There are far fewer cases and far fewer issues raised in this action. The appointment of Girard Sharp LLC as sole Interim Lead Counsel is appropriate for a case of this scope.

Finally, Romero's request that as part of the appointment process I should order Girard Sharp LLP to disclose "work done on the audience-figure and measurement claims" is DENIED. Dkt. No. 68, Reply ISO Mot. to Intervene at 11-16. Girard Sharp has described in detail the work it has done concerning the claims central to these consolidated actions (the use of creator content to train AI models). Dkt. No. 56 at 1-2, 5-6. That is sufficient.

All plaintiffs in the consolidated actions here support appointment of Girard Sharp LLP, and based on my review of the motion and my own experience, I find that Girard Sharp LLP is more than adequate to appoint as Interim Lead Counsel under Rule 23(g)'s requirements, and I GRANT the motion to appoint.

///

---

[3] Romero can access court filings made in this case within the prior seven days by searching Case No. "26-cv-0721" at https://cand.uscourts.gov/cases-e-filing/cases/recently-filed-case-documents.

[4] https://pacer.psc.uscourts.gov/pscof/registration.jsf.

United States District Court
Northern District of California

**IT IS HEREBY ORDERED**

1. The Court appoints Girard Sharp LLP as Interim Lead Counsel under Rule 23(g)(3) to act on behalf of the Plaintiffs and proposed class, with responsibilities including the following:

a) Draft and file a consolidated amended complaint or amended complaints, as such pleading(s) are deemed necessary;

b) Direct and manage pretrial proceedings on behalf of all plaintiffs and putative class members, including the briefing and argument of motions and the conduct of all types of discovery proceedings;

c) Delegate work responsibilities to other plaintiffs' counsel, and monitor the activities of all plaintiffs' counsel to assure that plaintiffs' pretrial preparation is conducted effectively, efficiently, and economically, that schedules are met, and that unnecessary expenditures of time and expense are avoided;

d) Consult with and employ consultants or experts, as necessary;

e) Coordinate with plaintiffs' counsel in management of the litigation and fund the necessary and appropriate costs of discovery and other common benefit efforts;

f) Coordinate settlement discussions or other dispute resolution efforts on behalf of plaintiffs, under the Court's supervision, if and as appropriate;

g) Enter into stipulations with other parties as necessary for the conduct of the litigation;

h) Interface with law enforcement, regulatory, and/or investigative organizations as necessary to investigate and gather evidence related to plaintiffs' claims and coordinate requests for information from same;

i) Prepare and distribute to the plaintiffs and counsel periodic status reports;

j) Maintain adequate time and disbursement records covering services as appointed counsel; and

k) Perform such other duties as may be incidental to proper coordination with other plaintiffs' counsel with respect to plaintiffs' pretrial activities or as authorized by further Order of the Court.

2. Unless otherwise ordered by the Court upon a showing of good cause, this Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

Dated: October 29, 2026

William H. Orrick
Senior United States District Judge

United States District Court
Northern District of California